And as you're approaching, we do have a motion that was filed or that I received yesterday from the state to cite additional authority that being the Supreme Court Easton case. Do you have any problems with that, Mr. Gatch? No. All right. Then the motion will be granted. Thank you. Good morning, Your Honors. Again, I am Kerry Gatch. I represent Mr. Scott, the appellate in this case. This is the second, this appeal involves a second stage dismissal of Mr. Scott's post-conviction petition. This court had previously sent it back after it had been dismissed at the first stage, sent it back for second stage proceedings. There was an affidavit that was introduced, and this court sent it back to specifically consider the merits of the claim involving this affidavit. After being sent back, it sort of languished in the trial court for quite a while, and then was eventually the state's motion to dismiss this granted, but solely on the grounds of untimeliness. Because of the amount of time that transpired between the time of filing and the time that the court came to a decision, the underlying rule for determining whether the mailbox rule would apply had changed. Rule 12, Supreme Court Rule 12, went from requiring that there was an affidavit to prove service, the time of service, to an attestation under 1-109, basically for incarcerated petitioners to be able to attest that they put it in the prison mail system without having an authorized affidavit. Counsel, just to ask, but it's my understanding the State has conceded that the amendment was retroactive and it would apply facially. However, I think their point is more subtle. They're saying that even if it was procedural and applied, the proceedings were completed, therefore it wouldn't be applicable in this case. What's your response to that? Right. That is basically really the only question that's at issue here as far as retroactivity because, again, we concede that it's a procedural, it applies retroactively. The thing is this was still pending in the trial court when the rule changed. So unlike Easton and unlike Hunter, which Easton is primarily based upon, there were no trial proceedings at the time that the rule changed. So you couldn't go back and apply the rule in Hunter and Easton because the trial proceedings had already completed. Whereas here, this petition was still pending in the trial court. We have remanded the case back to the trial court. So your argument is very simple. It was remanded back. It was pending. Proceedings were pending. Correct. But their point is the proof of service had been completed. Right. But this determination So why wouldn't that be dispositive? The mailbox rule doesn't apply until you can't apply the determination of timeliness until the second stage of a PC. And so the proof of service doesn't even come into play until the state raises the affirmative defense of untimeliness at the second stage. So the determination of timeliness can't possibly be made until the second stage. And so this rule change has to apply because it's still pending before any determination is made. So unlike the 604D certificate in Easton, where the trial court, the petition, the 604D was filed, things proceeded in the trial court, and then it's up on appeal, then the rule changes. Here, the rule changed while it was still pending in the trial court. Is there any authority that establishes that a retroactive amendment is applicable to a collateral proceeding? Well, and here's the thing with Rule 12, those cases that the state cites that say a procedural change doesn't apply for collateral proceedings can't apply to Rule 12 change because an incarcerated petitioner is almost always filing a collateral proceeding. The rule is specifically designed for people who are already in prison, and by nature, they've already been convicted. So they're most likely filing a PC or a 214-01. And so the changes to Rule 12, the procedural, I mean, this is the most basic sort of procedural issue is the filing and the proof of service. And so those sort of substantive, they're not substantive changes, but the procedural changes that are an issue where they say we can't apply these on a collateral proceeding, that doesn't apply here because even though it's a collateral proceeding, A, it's still pending in the trial court, and B, the rule is specifically designed for filing a collateral proceeding. And in fact, this may be, or you might argue that this is one of those situations where the Supreme Court rule might trump other legislative issues, but in fact, the rule is specific, so it should be considered different than the no collateral proceedings rule, so to speak. Correct. Okay. You know, here, the proof of service did not contain in and of itself the Section 1109 certificate language. There was a random document along with it, but it didn't state what it was for. How does that comply with what the requirements are? Well, if you look at the 1-109 certificate that he included, he filed it all together, and he says this applies to the documents that I'm filing, to all the documents. And so he was trying to cover all of his bases. He was saying it applies to the PC that I'm filing and also to the proof of service and to his sort of attestation to the truth of everything that he filed. And so, I mean, the State takes a position that you have to include the 1-109 language in everything, but, I mean, it makes more sense, and especially from a pro se Petitioner, to just include the 1-109 covering everything that you filed. Well, it makes more sense, but is it correct? I guess that's the issue. I mean, there's nothing in the rule that says that the proof specifically has to contain it on the proof itself. I mean, what if the proof is two pages long and the attestation occurs? I mean, it's sort of a technical error. He's attesting to the truth of everything that he's filed, and he says all of the documents. He's still liable if any of those documents are found to be untrue. Well, the interesting part of this particular change to Rule 12 is that courts, appellate courts across the State, were recognizing that it's difficult for prisoners to get affidavits and to do certain things that they needed to do to file, and there were dissents filed. And, you know, we know we have to follow this rule, but we're dissenting. I think I might have filed one of them. So, finally, the Supreme Court changes the rule, but in changing the rule, shouldn't it be complied with completely? Well, you're right. It was a curative amendment, for sure, because, you know, they recognized the difficulty that especially incarcerated individuals have in getting affidavits. I think it should be, well, 1-109 specifically says substantially complies. And so, I mean, there is some leeway within the rule, the section itself, as to whether, you know, it has to be, it doesn't say strict compliance. I mean, you don't have to quote that language verbatim. I think substantial compliance, I think this situation substantially complies. You know, it wasn't as though this 1-109 thing was filed later, or even separately. It was all part of one package of documents. It was a PC, a proof of service, you know, a motion to proceed in form of papyrus. I believe they even asked for an appointment of counsel. So, you know, there's nothing in 1-109 that says it has to be specifically contained in each separate document. So you're saying by that point, by the way he did it, even if he misunderstood what he was supposed to do, he was saying each of the information in each of these documents is correct. Right. But now the amendment says there has to be a complete address in the proof of service. And he did not submit a complete address. He left off the street address, the 505 Country Farm Road. He did write box 707, but not post office box. And there was one number in the zip code that was wrong. How is that a complete address, and why should we overlook these shortcomings? Well, I think the simplest answer to know that it was a complete enough address was that the document actually got there and got filed. So if it's a complete enough address for the U.S. Postal Service to get it to its proper destination, you know, I would argue that it was a sufficient address for purposes of satisfying the rule. There are courthouses across the state that are in smaller communities. And if you just, I'm trying to think of one, maybe the Warren County Courthouse, Monmouth, Illinois. Is that a complete address? I mean, I think the postmaster would figure out where it needs to go. But is that, in fact, the address contemplated by the rule? Well, isn't that the concern of the rule, that we know who he's sending it to, who the petitioner is petitioning? If the post office knows, then, I mean, I don't think anyone here doesn't know what he meant when he wrote that. So you're saying we really need to look to whether it got there or not? Is that the test of completeness? Well, I think that's, if not this positive, certainly strong evidence that Well, that it was sufficient. But you see, but the rule says, and following up to Justice Hutchinson's comment about the wording of the rule, it doesn't say sufficient address. It says complete address. Those are two different words. So it wasn't drafted with the word, you know, sufficient to get there. Well, no. It does say complete address. But, again, if the address is complete enough for the post office, I don't see how it's not complete enough for any of the parties to understand. You know, indictments have scrutinized errors on them. And they're certainly a much more important document than a proof of service. And to, you know, we say if the indictment contains sufficient information for everyone to be aware of what is being charged, that that's okay. They can fix scrutinized errors. You know, he misses a number on the zip code. The post office still knows where it's going. We all know where it's going. I think the zip code is a little less problematic for me. But I'm a little concerned about this. Well, let's look to whether or not it actually got delivered. A little bit of a slippery slope. When we announce rules of law to the public, to the attorneys, we like to have some kind of an objective standard. So does the rule of whether or not it's sufficient hinge on whether or not it got delivered? Do we wait to see if it got delivered and say, oh, okay, you've complied because it got delivered. If it didn't get delivered, you lose. No, I'm not saying that's the only factor. I think, I mean, you've got clerk of the court. You've got the PO box number. You've got a zip code that is, you know, one number off. It's not as though there isn't anything else to look at. Right. It's not a complete failure like they had in the liner case that was cited in the briefs. It's not a complete failure. Right. This is a, you're arguing in your mind, it's a substantial compliance even though not full compliance. Right. And I think you look at the purpose, the intent of the rule as it is. If you're requiring no typos, you know, the rule is probably not going to be satisfied hardly ever. I mean, in my experience, there's quite a few incarcerated individuals who aren't, you know, the best at complying strictly with grammar and or language requirements. So I think the intent of the rule was satisfied in this situation. Now, Mr. Goetsch, you have indicated in your brief as well as in your argument here today that your only issue before this court is the fact that of timeliness, untimeliness, that's what you concentrated on. The state's gone beyond that and talked about the merits of the petition. You have not even addressed that in your reply brief other than to say at the very end that the court never made a finding on this and so I don't think it's appropriate for this court to go forward. Do you want to explain that a little bit? Yeah. If you look at Beauclair, which is sort of the, you know, seminal case on this sort of timeliness in PC cases, they make a clear distinction between timeliness and the merits of the petition. We don't have any judgment on the merits in this case. And so when the state says you can look at anything in the record to affirm the trial court's ruling, we're looking at, well, what is that ruling? The ruling was based entirely on timeliness. We don't have a ruling on the merits. Even though this court sent it back for a ruling on the merits, we don't have that. And so to now argue the merits for a first time in the appellate court I think is inappropriate because we would basically be holding a second stage proceeding now. And, you know, I'm sort of locked into, I guess, I become second stage PC counsel rather than appellate counsel. You know, the state's in the same position because the state argued it at the second stage. You know, it happens to be the same attorney. But Beauclair makes clear that it's distinct from, I mean, I have a quote here, if a petition is untimely, that does not necessarily mean that the petition lacks merit. And so we don't know if the trial court judge thought that the petition was meritless. All we know is that the court thought it was untimely. And so we don't have a ruling on the merits. So Judge Brennan never said anything about the actual merits of this particular petition, whether the allegations had, what were passages staged, the allegations had any substantial merit? No. It's unusual. Usually they address both. You know, it's untimely. But even if it wasn't, I find that it didn't, you know, have any merit. We don't have that in this case. Your particular charge as an appellate defender, does it, is it limited? We're a court of limited jurisdiction, but the rules give us certain things to do that we can do. Can you, what is your limit, or could you be second stage counsel, I guess is what I'm asking. I don't believe so. I mean, it's beyond the mandate of the appellate defender to represent post-conviction in the trial court. You can be called into the trial court, can't you, as an alternative? Right. I mean, we wouldn't refuse if a judge asked us to. But, you know, we're still not arguing, it would be different in kind that I'm arguing a second stage, the merits of a second stage petition for the first time in front of the three of you than appealing the merit judgment of a trial court judge. Well, then the next question is, if we were to agree with you that this was timely and in compliance, and we take your recommendation to remand, what are we remanding for, second or third? As a matter of law, it has to be third, correct? I don't, I mean, we ask that we remand it for further second stage proceedings. How can we do that? Well, the judge has to make a determination on the merits. Your only finding would be that the judge's determination on timeliness was improper, and that there was no determination on the merits because the judge relied entirely on timeliness, and so further second stage proceedings need to occur. The judge needs to make a determination on the merits. Do you have any authority or have you any case where it has been sent back? Well, Lander, the Supreme Court case that I cited, the, I mean, that was in noncompliance with 651C, but it had been at the second stage, and the Supreme Court sent it back for further second stage proceedings. The Supreme Court can do a lot of things that we can't do. Is that one of the things that we can do? I think so. I don't see why not. There's nothing in the PC Act that says that prevents it. All right. Counsel, you have an opportunity for rebuttal. Thank you. Ms. Schwind. May it please the Court. Counsel, good morning. Your Honor, I'd like to pick up where this discussion left off, which was the merits, the arguments regarding the merits. There is some, there was some discussion about Eau Claire. I'd like to remind you that Eau Claire was a first stage proceeding, not a second stage proceeding, and I believe that the idea that there were no second stage proceedings held is incorrect. I don't think he, well, this morning he didn't advocate that, but he said that there was no ruling on the substance of the petition. That's correct, but the idea that the merits are being argued for the first time before the appellate court, that, I take issue with that claim, because below there was an amended petition filed that addressed the merits, and in fact there was an argument on the merits of the petition, of the amended post-conviction petition filed, and in that case, counsel for the defendant argued that the claims that were alleged in the amended post-conviction petition should merit further proceedings. The state below argued, addressed both the merits and also raised the timeliness claim. So in that case, the judge, in this case, determined that the petition, excuse me, the judge in this case dismissed the petition, didn't dismiss it, you know, although the ruling was on timeliness, ultimately his decision dismissed the petition. Well, if our job here is to review and, if necessary, correct findings of the petition, what findings did the trial court make that we can consider on the issue of the merits? Well, you know, I believe that there's the case law that says that this court can affirm on any basis in the record. In this case, it is true that the judge below ruled on timeliness, and it is our position that the judge was correct in that the petition was untimely. But there is, you know, a number of cases that say that even if the judge did not ultimately rule on that, excuse me, even if the judge's ruling was incorrect on one issue, if the record can show some other reason, this court may affirm on any basis that can be found in the record. But usually the judge makes certain statements of fact that he used or she used, statements of law that he or she agreed with. On these merits, we don't have anything other, and what we usually see a judge saying is, the evidence is overwhelming, there's no error, whatever the case may be. We don't have that in this case. You're right. There is no ruling on the merits of the petition. But, you know, there is case law that says that if the record can support affirming for any other basis in the court's ruling, this court may affirm the actual judgment. And the judgment here is dismissal of the post-condition petition. So, Karen, I would agree with you that the judge below did not reach the merits but did decide on a timeliness issue. But for the number of cases and the precedent that this court can reach, can affirm for any basis in the record if the record supports. And that basis would be what? A timeliness? What are you saying? I'm saying that there is no basis that the petition made a substantial showing of constitutional violation. That there is no, it did not meet the second stage proceeding standard. So you're saying we can reach out, even though the court made no specific findings or rulings, we can decide that in the absence of any ruling by the trial court, right? Yes. Is that what you're saying? Yes, because the ultimate ruling is dismissal of the petition at second stage. And so this court would just be affirming the dismissal of the petition. It would not be finding someone guilty when the court did not find them. I'm sorry, that's a bad example. But something similar to that. In this case, the ruling is dismissal of the petition. And so, therefore, we are saying that this court can affirm the dismissal of the petition for any basis that's in the record, even if the court did not rely on that ruling. Do you believe, or would you ask us to find, I guess would be more appropriate, that counsel has forfeited the issue of the merits by virtue of the argument here? Or you're just asking us to look at the record generally and make a decision on the merits? You know, I believe that what's on review for this court is the dismissal of the petition. And the defendant has chosen to attack that ruling only on timeliness. So by proxy, it could be a forfeiture because we are dealing not with one issue, but we're dealing with the actual post-conviction. And the reason that the court gave was timeliness. But what we're really attacking, or excuse me, what the defendant is really asking for is review of the ruling that the petition was dismissed. So I guess I, a roundabout way, yes, I believe it could result in forfeiture. Turning for a minute to the timeliness issue, which we talked about first, you indicate that the proof of service was completed, so there were no more proceedings pending to which the certificate or the change in the rule could apply. How is that so? So I guess, Your Honor, and I believe that Easton does set some examples regarding that in paragraphs 22 and 23 of the Illinois Supreme Court rule. But it's determining what the law means on proceedings, the actual word proceedings itself. If it's as in Hunter when they say a new rule, and this is I'm reading in Easton on paragraph 22 when they're citing Hunter, a new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime. When you're talking about a proceeding thereafter, if the actual filing of the document, that could be deemed the proceeding, which is you can't change the proof of service after it's already been filed. Similarly, if there's been a, they said to, I'm looking further on paragraph 22 in Easton, they noted Justice Scalia's observation, which is a new rule of evidence governing expert testimony, for example, is aimed at regulating the conduct of trial in the event relevant to retroactivity of the rule is the introductory of testimony, that testimony has already been taken. So when you talk about the proceeding, the people's position is that the actual certificate of service is that proceeding, the filing of the proceeding. Do you have any case law that stands for that proposition? It seems a little strange. I believe Easton. No, Easton, we're talking about, of course, is because of defense, trial court proceedings had been concluded. You can make that a point. And no further trial court proceedings were necessitated. Here they were necessitated because we remanded it back to the trial court. The case clearly was not over. Well, you know, I guess it's just the certificate of service, if that's the case, any time there's a rule change, it could be applying, you know, sometimes litigation. And in this case it did over a large, of course, of a number of years. Any time there's any changes and they could reach back five, six, eight years later and then start all over again. And when you talk about procedural, isn't that what you're talking about? Well, I think in this case we're talking about proceedings thereafter, and the actual certificate is what was filed. And at that time the rule required an affidavit, and everyone, you know, on appeal here is in agreement that there was no affidavit. So at that point there was nothing further for the certificate to be done. There was no further, for lack of a better word, to be done. And when we look at the statute on statutes and looking at whether or not a procedural rule is retroactive from that and applicable, what kind of proceeding could be, could occur? And in this case there's no other proceeding for a certificate of service. Once you file it, it's done. I respond to the argument that Justice Hutchinson alluded to. If this is a curative amendment to correct the problem that became inherent in petitioners from the prisons being able to do this, it's a magnitude cure. Was it not ostensibly the same problem you have here? Somebody not having the ability to provide all the complete information. So now we know what the purpose of the ruling is saying, well, sorry, you're too late. We know this would be helpful to you, but you lose because it wasn't in effect on the day you filed this. Is that exalting form over substance? I think, Your Honor, it's looking at, this kind of goes to my second point, which is on collateral proceedings. We are, it is a union because we're talking about collateral proceedings and not a direct appeal or not a direct review. At that point you talk, you know, it's looking at what type, whether or not it's a legislative intent approach or vested rights approach. And I believe that the Illinois Supreme Court has said that the vested rights approach is a better view than a legislative intent, which a legislative intent would be some sort of a cure, looking at what problem it's attempting to cure. And in this case, you know, and, you know, the defendant cites in remarriage of Dugan a lot to ask for retroactivity application to Rule 12. And in Dugan, they talk a lot about whether or not a retroactive procedural rule can be applied as long as it doesn't interfere with a vested right. And they find, and I put it on, and I'm looking at page 730 of the opinion, and I'll give the citation, which is 736, Bill F. Thurs, 725. When they talk about whether or not what, excuse me, a judgment becomes a vested right of property once it's no longer subject to review or modification. And on a post conviction, that judgment is already final. So the people's vested right, or excuse me, the judgment has become a vested right such that things should not, Rule 12, I think, are a little difficult to follow. You know, this is one of the reasons that, and I'm not saying you shouldn't do it, but this is one of the reasons that we don't usually use civil cases in criminal cases. Sure. Or criminal cases in civil cases. Sure. Because they don't always follow the same lines. Right. Right. And, you know, Rule 12 is a civil rule that is used for criminal cases. So unfortunately there are very few actual criminal cases that discuss whether or not how this applies. And it is difficult. And part of the problem is, is that in collateral proceedings, it's unique to criminal cases and it's limited in scope and it's really used just to review things that could not have been brought before the judgment. So the opportunities to consider, besides a couple cases that Nitz and Kincaid, why procedural rules are not applicable to collateral proceedings, because there is such a, collateral proceedings are so limited in scope and breadth. But what other purpose would the Supreme Court amend that rule for, as Mr. Goetsch has indicated, but for collateral proceedings? Or things, anything coming out of a penitentiary? Well, I think there are a number of things coming out of the penitentiary. It's not limited to collateral proceedings. There's a number of various things being filed by a defendant. And it's not just in Department of Corrections. It's maybe the local jail or things of that nature. And the people, I will agree that the rule was amended because there was an issue with getting notarization and affidavit. I agree with that. But I also don't believe that that means that we should open the floodgates to allow any individual to take an opportunity to take advantage of a retroactivity of a rule. In this case, the defendant filed the proof of service that was insufficient in 2007. The rule was not changed until 2014. That's an awful long relation back to 2007. And so I think that the Supreme Court would have to file a, to find a new rule applicable to a defendant, which then goes back to the argument, which is, what is the actual proceedings thereafter? And in this case, the people would argue the proceeding is the certificate of filing itself. At that time, that was complete. There's nothing else that the defendant could do to file a, you know, there's no new certificate of proceeding to be filed. But the proceeding was still within the ambit of a post-conviction hearing proceeding, wasn't it? Yes. That's why it was there. It was there under the ambit of a post-conviction proceeding, not under the ambit of whether or not something was certified correctly. We don't have hearings for certification. We have post-conviction hearings. That was a sub-issue. So how do you respond to that? My response, my response would be that when we're looking at, if I may answer that, when we're looking at the post-conviction hearing, my response would be that we're looking at what was amended. What are we actually talking about? We're not talking about post-conviction. We're actually talking about Rule 12. Rule 12 has nothing to do with post-conviction except that it is a way in which a proof of service which is required to be filed with any pleading is used. Because it's part of a post-conviction proceeding. The issue of service becomes an issue in the post-conviction hearing. Sure. But we're looking at whether or not an issue is retroactive and the proceedings thereafter. So, you know, Rule 12 isn't a proceeding of post-conviction. Rule 12 is a, you know, is a proceeding of service. And the proceeding of service is complete once you actually file it. How is a 651C certificate different than a proof of service? Well, under 651C, that goes to whether or not defendant has, excuse me, whether or not counsel has provided reasonable assistance, which is different than Right. But in the cases we had looked at and we were talking about today, it's the content of that 651C certificate that was being addressed. Isn't that correct? How is that different than the content of this proof of service and what it said? It isn't different, is it? And so I think that's where your argument really falls apart. I think in terms of what the certificate, though, or the proof of service, we're not really litigating the actual, well, here we are, but we're not really litigating the actual certificate of service in 651C. We're looking at whether or not the defendant, or excuse me, defendant's counsel provided reasonable assistance of service, of counsel. Here, you know, admittedly, not admittedly, excuse me, here, the certificate should have everything on it, such that you don't have to litigate it. That's the whole point of a certificate of service. It's so that the defendant, excuse me, or the opposing party will adequately receive the proceeding in a timely fashion. It's not just a matter of, you know, you know, you know, you know, you know, it's not just we know when it was filed. It's so that they can receive it and they can timely respond. Counsel, if we did not litigate service and have to deal with it at this level, we wouldn't be doing a lot of oral arguments, because that is a major source of litigation. Sure. And as you know, we're doing a lot of oral arguments. A lot of them. All right. Is there anything else you want to say before we close? No, Your Honor, just that we would stand on our arguments in the brief, and we would ask that the court affirm the dismissal of the post-conviction petition, predominantly because, as we set forth in our brief, there are no merits to his actual, to his case, and he's guilty of substantial showing of constitutional violation. Thank you. Thank you. I just thought I should touch on, since you mentioned forfeiture. I know it's a bad word, but I had to use it. I mean, as I understand it, you, the State has argued the timeliness issue and the merits. You, I believe, went all in, so to speak, on the timeliness issue. Correct. You didn't at all in your brief dispute the issue of the court's ruling on the merits. But there was no issue. That's the problem. There was no issue. Well, she says there's an issue, but, I mean, how do you avoid the argument that you forfeited the merits issue because you never addressed it at all? You chose not to address it. Well, what was the trial court's decision on the merits? Can anyone here answer that? State can't answer it. I can't answer it. You can't answer it. Because there was no ruling on the merits. But isn't what we have to look at is the action of the court, the dismissal, as counsel argued, of the petition by the trial court. Do the reasons really matter? Yes. Why? The court ruled on an affirmative defense. So even if the court believed there was merit to the petition, he was still, the judge was obligated to dismiss on affirmative defense. But the court ruled on the merits of untimeliness. It's a wholly separate issue. It's just like determining the merits. I mean, that's what both, even though both there was a first stage petition, they go into depth about untimeliness has nothing to do with merits. And that's why you can't dismiss for untimeliness at the first stage, because we want to determine, the state has the opportunity to say, this is a meritorious petition. We're not going to raise this affirmative defense. And so, yes, the state's position is that there is no merit here. But as appellate counsel, I don't know what the judge's opinion was. And so I'm placed in an awkward position of, yes, arguing against the state, but where I don't even have an underlying basis for what the judge believed. And so... The judge articulated no reasons, but he did rule in the alternative, didn't he, Matt? No, he didn't. That's what makes this case unique. There was no alternative. It was solely timeliness. The state argued the merits, correct? The state did, yeah. But there isn't even that, oh, and irrespective of untimeliness, there's no merit. There's not even a sentence in there. And the state concedes that. The issue, the only issue that the judge ruled on was timeliness. And so I don't see how I can forfeit an argument on the merits when the trial court didn't even present a decision on the merits. Is there anything in the PC Act that requires specific findings? Now, again, I'm talking some civil, but child termination cases. And you may be familiar with those. The state certainly is. The judge is supposed to make specific findings. If he or she doesn't, then we can do several things, send it back to find that they were inherent in the decision. Is there anything in the PC Act that requires the court to make, other than first stage where it's no gist or no record, is there anything that says they have to make specific findings on the issues before them? No. I'm not saying that what the judge did here would always be improper. The only reason it's improper in this case is because of the rule change. The judge is free to dismiss on timeliness alone. And that can be a decision that we couldn't challenge if it was valid, if there weren't arguments to be made that the judge's decision was wrong. But at the same time, we can't argue that the judge thought it was not a meritorious petition unless the judge says so. So does that make sense? I'm not saying that you can't just dismiss on timeliness. The judge can grant the state's motion solely on timeliness, which the judge did. The judge was wrong in this instance. But that doesn't mean then on appeal we can argue the merits. Like, I mean, so what if the judge's decision on timeliness was correct? Would I then be able to argue, well, ignore appellate court, ignore timeliness, let's address the merits. This petition has lots of merits. I mean, I don't think you would look favorably upon that because I'm taking it in a different direction than the trial court did. It wouldn't be the favored argument I heard today, but you could do it. So we ask that you send it back so that the judge can express an opinion. Thank you very much. Thank you, counsel, for your arguments. We will take the matter under advisement. We're going to stand in short recess to prepare for our next trial.